IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| MIGUEL RIVERA, | ) ) ) | |
| Petitioner, | ) ) | Case No. 10 C 7990 |
| v. | ) ) | Judge Virginia M. Kendall |
| ERNIE TRUJILLO, Warden, LISA MADIGAN, Attorney General of Illinois, | ) ) ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION AND ORDER

Miguel Rivera ("Rivera") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2001 state court convictions for aggravated kidnapping (three counts) and aggravated battery (one count). These convictions stemmed from Rivera confining his ex-girlfriend and her two children against their will and stabbing the man living with his ex-girlfriend. Rivera alleges: (1) juror misconduct; (2) insufficiency of the evidence; (3) ineffective assistance of counsel; and (4) actual innocence. (R. 1, Habeas Pet.) The Attorney General moved to dismiss Rivera's petition as untimely. For the following reasons, the Court grants the Attorney General's Motion to Dismiss.

## BACKGROUND

After the jury convicted Rivera of the three aggravated kidnapping charges and the aggravated battery charge, the Circuit Court of Cook County sentenced him to three concurrent 40-year sentences and a concurrent 5-year sentence. (R. 17, Ex. D.) The Illinois Appellate Court affirmed Rivera's conviction on March 14, 2003, and the Supreme Court of Illinois denied his petition for leave to appeal on October 7, 2003. (R. 17, Ex. A, E.) Rivera never filed a writ of certiorari in the U.S. Supreme Court. (R. 16.)

On November 24, 2003, Rivera filed a pro se postconviction petition in the Circuit Court of Cook County under 725 ILCS 5/122-1 alleging various constitutional violations in his criminal trial and sentencing. (R. 16.) The Circuit Court of Cook County dismissed Rivera's postconviction petition on September 14, 2006. (R. 17, Ex. G.) Upon appeal, the Illinois Appellate Court allowed the Public Defender's Office to withdraw from the appeal because there were no issues of arguable merit, and on August 20, 2008, the appellate court affirmed the circuit court. (R. 17, Ex. D.) The Supreme Court of Illinois denied Rivera's petition for leave to appeal on January 28, 2009. (R. 17, Ex. I.)

Finally, on June 11, 2010, the Supreme Court of Illinois received Rivera's motion for leave to file a petition for writ of habeas corpus ("state habeas motion").[1] The state supreme court denied this motion on September 17, 2010. (R. 17, Ex. J.) As a result, Rivera submitted a § 2254 habeas petition, which was dated November 16, 2010, but filed with this Court on December 16, 2010. (R. 1.)

## DISCUSSION

There is a one-year statute of limitations for §2254 habeas petitions under 28 U.S.C. § 2244(d)(1). This one-year period starts running from the "latest of": (A) the date on which the judgment became "final by the conclusion of direct review or the expiration of the time for seeking such review;" (B) the date on which "the impediment to filing an application created by State action

---

[1] Rivera's motion for leave to file a petition for writ of habeas corpus is dated June 18, 2009 but apparently the Supreme Court of Illinois did not receive it until nearly a year later, June 11, 2010. Under the prisoner mailbox rule, Rivera could stop the running of the one-year statute of limitations upon the date that he placed the motion in the prison mail system. *Ingram v. Jones*, 507 F.3d 640, 643 (7th Cir. 2007). But to invoke the rule and toll the limitations period, Rivera must show timeliness by a declaration that complies with 28 U.S.C. § 1746 or by a notarized statement. The issue of whether his petition was tolled starting on June 18, 2009 is irrelevant because Rivera's state habeas petition was not even "properly filed" in the first place and as such cannot toll the limitations period.

in violation of the Constitution . . . is removed"; (C) the date on which "the constitutional right asserted was initially recognized by the Supreme Court" and made retroactive to cases on collateral review; or (D) the date on which the "factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1). Because there was not a state-created impediment, a recently recognized and retroactive constitutional right, or newly discovered information that supports Rivera's claims, the Court discards (B), (C), and (D).

Applying the one-year statute of limitations to his petition, the statute began to run when the judgment against Rivera became "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Supreme Court of Illinois denied Rivera's petition for leave to appeal on October 7, 2003 and he did not file a certiorari petition in the Supreme Court of the United States within the required 90 days. Direct review ended, and Rivera's judgment became final on January 5, 2004, 90 days after October 7, 2003. *See Jimenez v. Quarterman*, 129 S. Ct. 681, 685 (2009) (under § 2244(d)(1)(A), conviction becomes final when "the time for filing a certiorari petition expires"); *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002) ("[I]f certiorari to Supreme Court is not sought, all direct criminal appeals in the state system are concluded, followed by the expiration of time allotted for filing a petition for writ.").

A "properly filed" application for state postconviction or other collateral review, however, can toll the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). As the Attorney General concedes, and § 2244(d)(2) allows, Rivera "properly filed" his postconviction petition on November 24, 2003. The filing of the postconviction petition

3

occurred before direct review became final, so the one-year limitation could not begin to run until the petition and direct review were no longer pending. *See, e.g., Blackwell v. McCann*, No. 06 C 6789, 2008 WL 4442631, at *3 (N.D. Ill. Sept. 29, 2008) (Dow, J.) (where postconviction petition filed before direct review became final, limitations period tolled until the Supreme Court of Illinois denied the petition for leave to appeal). The state circuit court and appellate court dismissed the petition and on January 28, 2009, the state supreme court denied Rivera's petition for leave to appeal. Rivera did not appeal this to the Supreme Court of the United States so the one-year limitations period began to run on January 29, 2009. *See Gutierrez v. Schmig*, 233 F.3d 490, 490-91 (7th Cir. 2000) ("[W]e conclude that the one-year limitations period is not tolled during the time a state post-conviction petitioner could have filed, but did not file, a petition for certiorari review in the United States Supreme Court."). Unless further tolled, Rivera had until January 29, 2010 to file his § 2254 habeas motion.

After his unsuccessful postconviction petition, Rivera filed with the state supreme court a motion for leave to file a petition for habeas corpus. The remaining question is whether Rivera's state habeas motion further tolls the filing period.

The state habeas motion is dated June 18, 2009. Inexplicably, however, the state supreme court did not receive it until nearly a year later, on June 11, 2010. Neither the § 2254 motion and its documentation, nor the response brief shed any light on the authenticity of the June 18, 2009 date. And assuming the date is accurate, the location of the state habeas motion during this year and how it eventually made its way to the Supreme Court of Illinois is a mystery.

Of course, Rivera would like the Court to toll the limitations period under the mailbox rule starting on June 18, 2009 (instead of June 11, 2010) and extending until the state supreme court

4

denied the state habeas motion on September 17, 2010. Because the limitations period began on January 29, 2009 and this Court received Rivera's § 2254 habeas motion on December 16, 2010, assuming tolling from June 2009 until September 2010, Rivera would fit within the one-year period. But the Court need not address whether Rivera's declaration provides satisfactory facts to invoke the mailbox rule, which starts tolling when the prisoner places the filing in the prison mail system, not when the court actually receives the filing. As the Court will explain, the state habeas motion was not "properly filed" and did not toll the limitations period because Rivera ultimately failed to receive permission to make such a filing. In other words, because the state habeas motion never tolled the limitations period in the first place, it is unnecessary to determine whether to apply the June 18, 2009 (placement in prison mailing system) or June 11, 2010 date (court's receipt of motion). In either case, the one-year clock continued to run.

Under § 2244(d)(2), Rivera cannot get the benefit of tolling for the state habeas motion unless it was "properly filed." The Court looks to the relevant state laws and rules governing the filing of postconviction petitions or habeas motions in making this determination. *Rice v. Bowen*, 264 F.3d 698, 701 (7th Cir. 2001). "[W]here state law requires pre-filing authorization . . . simply taking steps to fulfill this requirement does not toll the statute of limitations." *Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009). *Martinez* addressed the related scenario where Illinois state law required a petitioner to obtain permission before filing a second or successive postconviction petition; because the Illinois state court denied Martinez permission to file a second postconviction petition, that petition was not "properly filed" and did not toll the one-year limitations period. *Martinez*, 556 F.3d at 639; *Tinker v. Hanks*, 255 F.3d 444, 445 (7th Cir. 2001) (failure to satisfy Indiana's "filing precondition" did not toll limitations period). Here, Illinois Supreme Court Rule

5

381 requires that Rivera obtain permission before filing a habeas complaint: "Proceedings in the supreme court in original actions in cases relating to . . . habeas corpus . . . shall be instituted by filing a motion, supported by explanatory suggestions, for leave to file a complaint seeking appropriate relief." Ill. Sup. Ct. R. 381(a); *U.S. ex rel. Keller v. McCann*, 553 F. Supp. 2d 1002, 1011 (N.D. Ill. 2008) (Castillo, J.) (after direct review and postconviction petition, "[p]etitioner attempted to raise [] claims for the first time in a motion for leave to file an original habeas petition with the Illinois Supreme Court. The Illinois Supreme Court denied his request for leave to file, and so the petition was never filed."). So just like *Martinez*, only by getting "pre-filing authorization," that is, by obtaining leave from the state supreme court to file his habeas complaint, could Rivera toll the limitations period.

Rivera never satisfied this filing precondition. The one-year limitations period began to run on January 29, 2009, after the postconviction petition worked its way through the Illinois courts. The Supreme Court of Illinois denied Rivera permission to file a habeas corpus complaint. (R. 17, Ex. L.) As *Martinez* mandates, because Rivera never received permission to file his state habeas petition the limitations period did not toll again between January 29, 2009 and November 16, 2010, when Rivera alleges that he placed this § 2254 motion in the prison mailing system.[2] (R. 1.) This 21-month gap easily falls outside the one-year limitation period, which expired on January 29, 2010. Rivera's claim is therefore untimely.

Only equitable tolling can save Rivera's § 2254 motion. Rivera is entitled to equitable tolling if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

---

[2] As discussed, the mailbox rule is irrelevant to the date when Rivera put his § 2254 motion in the prison mailing system (November 16, 2010) or when the Court received the motion (December 16, 2010) because under either scenario it is beyond the one-year period.

6

circumstances...prevent timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Rivera first argues that equitable tolling is appropriate because he did not have the assistance of a lawyer and did not understand the mechanics of § 2244's timing rules. "Equitable tolling is rarely granted." *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). Rivera's unfamiliarity with the applicable legal rules and status as an inmate are not, by themselves, enough to constitute an "extraordinary circumstance." *See, e.g., Janssen v. Pugh*, 394 Fed. Appx. 305, 306 (7th Cir. 2010) ("run-of-the-mill difficulties" such as lacking knowledge about the law not extraordinary circumstance); *U.S. ex rel. Laughlin v. Gaetz*, No. 10 C 1956, 2011 WL 336143, at *4 (N.D. Ill. Jan. 31, 2011) (Dow, J.) ("ignorance of the law or of the limitations period" inadequate to warrant equitable tolling). Similarly, had Rivera been more diligent he could have easily filed his § 2254 motion within the statutory deadline. There are no specific facts in the § 2254 motion suggesting that Rivera acted diligently to pursue his § 2254 motion but ultimately filed it late due to compelling, extraordinary obstacles.

Rivera's response brief also mentions, without significant elaboration, a claim of actual innocence. (R. 23, Response Brief 3.) If Rivera can show that a constitutional violation "probably resulted" in his conviction even though he is actually innocent, the Court can get to the merits of a habeas petition that is otherwise time-barred. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986); *see Blackwell*, 2008 WL 4442631, at *7. But actual innocence is not a "freestanding exception" to § 2244(d), *Araujo v. Chandler*, 435 F.3d 678, 682 (7th Cir. 2005), and Rivera must still meet the one-year time requirement, *Escamilla v. Jungwirth*, 426 F.3d 868, 872 (7th Cir. 2005). Accordingly, "[t]he only way in which [Rivera's] assertion of actual innocence could toll the one-year statute of

7

limitations period would be if it were based on a factual predicate that could not have been discovered earlier through the exercise of due diligence." *Blackwell*, 2008 WL 4442631, at *7; *Escamilla*, 426 F.3d at 872 ("Actual innocence without a newly discovered claim does nothing at all" in terms of tolling the limitations period); 28 U.S.C. § 2244(d)(1)(D). Here, Rivera's claim of actual innocence is based on certain testimony and evidence available at trial that his attorney failed to elicit, including statements of the victim, Heather Carson, who is the mother of Rivera's son. It is also based on events that occurred during the trial that allegedly undermine his guilty conviction, such as questions jurors had about the legal elements of kidnapping. But what it is not based on is newly discovered evidence. Because no recently unearthed facts bear on Rivera's § 2254 motion, he is ineligible for tolling on a claim of actual innocence.

In sum, in contrast to *Holland*, where the record fully established petitioner's conscientious pursuit of his claim through repeated communications to his lawyer not to miss the statute of limitations deadline, Rivera fails to demonstrate his own diligence. 130 S. Ct. at 2565 (numerous letters to attorney, multiple attempts to contact the state courts and clerks, and pro se filing of petition within a day of finding out it was late). Similarly, Rivera articulates no legally valid "extraordinary circumstances" beyond his control that prevented timely filing of his § 2254 motion.

The final issue is whether the Court should issue Rivera a certificate of appealability. Unless the Court "issues a certificate of appealability, an appeal may not be taken to the court of appeals from—the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). "Only if the applicant has made a substantial showing of the denial of a constitutional right" can the Court issue the certificate. 28 U.S.C. § 2253 (c)(2). Where, as here, the Court dismisses Rivera's habeas petition on procedural

grounds, "a COA [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reasonable would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 485 (2000). Because Rivera must satisfy both of these requirements, the Court can "proceed[] first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* Here, no reasonable jurist could find debatable the procedural ruling that Rivera's § 2254 motion is untimely. Rivera's claim is time-barred and a generous reading of his § 2254 motion and response brief provide no arguments that disrupt this finding. The Court denies Rivera a certificate of appealability.

The Court thus grants the Illinois Attorney General's Motion to Dismiss Rivera's Habeas Petition as Untimely.

## CONCLUSION AND ORDER

For these reasons, the Court grants the Illinois Attorney General's Motion to Dismiss Rivera's Habeas Petition. (Doc. 16). The Court also strikes Rivera's Response to the Motion to Dismiss, which he filed as a motion (Doc. 23). The Court denies as moot Rivera's Motion of Statement for Understanding (Doc. 14), Motion to Compel (Doc. 20), Motion to Refile Motions for Discovery (Doc. 21), and Motion to Conduct an Investigation Questioning Jurors (Doc. 22).

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: May 12, 2011